1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

        Plaintiff,

    v.

MARK SELING, *et al.*,

        Defendants.

Case No.  C05-5760RJB

REPORT AND
RECOMMENDATION
TO DISMISS PRIOR TO
SERVICE

**NOTED FOR:**
**FEBRUARY 17th, 2006**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The court has entered an order granting plaintiff *in form pauperis* status.

      In this action Mr. Scott alleges he did not receive a sexually violent predator, SVP, evaluation in a timely manner.  He also alleges the referral for civil commitment and civil commitment proceedings are acts of malicious prosecution.  The court recommends that this action be dismissed prior to service.  This action challenges the legality of plaintiff's current detention.  The action must proceed as a habeas action and cannot proceed as a civil rights action.  The court therefore recommends dismissal of the action prior to service.

**PRIOR LITIGATION**

REPORT AND RECOMMENDATION
Page - 1

Mr. Scott is now the subject of orders limiting his litigation as a result of his past abuses. See, Scott v Deny, CV 04-5574RBL, docket entries 68, 76, and 77. The prior litigation includes at least two actions which challenged plaintiff's not receiving a forensic or SVP mental health evaluation within 45 days. See, Scott v. Seling, CV 04-5147RJB, (amended complaint docket number 8), and Scott v. Seling, CV 04-5823RBL, (docket number 1 page 21). In Scott v. Seling CV 04-5823RBL Mr. Scott also challenged the propriety of his being referred for civil commitment and a petition being filed. See, Scott v. Seling, CV 04-5823RBL, (docket 1 pages 21 to 23). Both those action were dismissed without prejudice prior to the court entering orders dismissing all of Mr. Scott's pending actions as a sanction for his abusive litigation tactics. Scott is currently in custody because of ongoing civil commitment proceedings. Mr. Scottt does not indicate if he is a pre commitment detainee or if he has been civilly committed.

The bar orders limiting Mr. Scott's ability to file specifically mentioned both CV 04-5147RJB and CV 04-5823RBL. Arguably, because these cases had been dismissed without prejudice prior to the court adopting the Report and Recommendation the bar order might not apply to these issues. The Chief Judge has allowed the refiling of these claims and referred this action. (Dkt. # 3).

## DISCUSSION

When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

1. Referral for civil commitment and civil commitment proceedings.

Plaintiff challenges his referral for civil commitment and the filing of a civil commitment petition. He

REPORT AND RECOMMENDATION
Page - 2

is currently detained as a result of those proceedings and he is in fact challenging the fact or length of his current detention in this action.  Plaintiff's action is intertwined with his current detention to the extent that proceeding with this action would call into question the propriety of the decision to file a civil commitment petition and the proceeding itself.  When a person confined by the state is challenging the very fact or duration of his physical custody, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that custody, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that there exists "**no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).  Here, plaintiff seeks to challenge the fact that he was referred for civil commitment and the fact that commitment proceedings were undertaken.  While he seeks monetary damages a ruling in his favor necessarily calls into question the propriety of his current confinement.

The portion of this action which challenges referral and civil commitment proceedings cannot go forward and must be **DISMISSED WITHOUT PREJUDICE.**

    2.    <u>Evaluation within 45 days.</u>

There have been a large number of actions filed by the residents of the Special Commitment Center over this issue and the court takes judicial notice of its prior rulings.  The residents have attempted to draw distinctions between admissions evaluations, commitment evaluation, and court ordered evaluations.  As far as the court can determine Judge Bryan first dealt with this issue in Ross v. Seling, CV99-5238RJB Dkt.

# 202). The issue was dismissed and summary judgment granted to defendants because the issue is barred by the doctrine set forth in Heck v Humphrey, 512 U.S. 477 (1994) and the Rooker-Feldman doctrine.

The honorable Magistrate Judge Strombom considered the litigation history of this issue in Gradias v. Yanisch, CV 04-5493FDB. In the Report and Recommendation in that action the court stated:

> Plaintiff originally filed this action in August of 2004 and alleged he had not received a timely "SVP evaluation." (Dkt. # 6, page 2). Defendants move for dismissal and argue plaintiff was given an evaluation by Dr. Lund. On February 10th, 2003 Dr. Lund signed an evaluation report finding plaintiff to meet the criteria for civil commitment as a sexually violent predator. Plaintiff declined to participate in that review. (Dkt. # 18, exhibit 2). Defendants also argue this issue has previously been litigated and dismissed and the issue is therefore the subject of *res judicata*. (Dkt. # 18, page 1); that the action is precluded by the holding of Heck v. Humphrey, 512 U.S. 477 (1994); and, that the defendants are entitled to qualified immunity. (Dkt. # 18).
> In Savala v Yanisch, C04-5412FDB, this court determined that the defendants had prevailed on the issue of 45 day evaluations in Ross v. Seling, C99-5238RJB (Ross Dkt. # 202 and 238). Mr. Savala placed before the court the oral ruling of Judge Bryan. (Savala v Yanisch, C04-5412FDB, Dkt. # 13). The claim in Savala was dismissed as litigation of the issue implicated the propriety or legality of current commitment and on principles of *res judicata*. Mr. Savala was a party to the Ross litigation. There is nothing to indicate Mr. Gradias was a party to that litigation.
> Here, the parties have both alleged that plaintiff had a probable cause hearing in September of 2004 and the superior court has ordered continued confinement. (Dkt. # 6 and 18). The parties seem to disagree about what the September 2004 order represents. Plaintiff appears to argue he is now an admitted resident of the SCC and is therefore entitled to an admissions evaluation. Defendants note that plaintiff is scheduled for a commitment trial in March of 2005 and that after the probable cause hearing in September he was ordered to participate in an evaluation. Defendants position appears to be that plaintiff has already had his evaluation and in this case it occurred prior to his probable cause hearing. (Dkt. # 18).
> This action involves the timing of an evaluation that occurred in plaintiff's state civil commitment proceedings. Plaintiff argues he had a substantive due process right to an evaluation within a 45 day time frame. (Dkt. # 24). Plaintiff indicates he does not seek relief from confinement, he seeks damages. (Dkt. # 24).
> DISCUSSION
> Review of the honorable Judge Bryan's oral decision in Ross reveals the defendants prevailed on the issue plaintiff attempts to litigate today. (Savala v. Yanisch, C04-5412FDB Dkt. # 13). Further, review of the argument made for Mr. Savalas in Ross shows it to be the same claim. (Ross v. Seling, C99-5238RJB Dkt. # 202). The issue was dismissed and summary judgment granted to defendants because the issue is barred by the doctrine set forth in Heck v Humphrey, 512 U.S. 477 (1994) and the Rooker-Feldman doctrine. Litigation of this issue arguably resulted in a decision that the cause of action has not yet accrued.
> Like plaintiff today, the plaintiffs in Ross argued they were entitled to an evaluation within forty five days of the probable cause hearing. They then reasoned that they were being held without legal authority and they sought damages for the time they had been held without an evaluation taking place. That is the claim presented by plaintiff today.
> A.      *Res judicata*.
> This action is barred as the issue was litigated and lost in Ross *et al* v. Seling *et al*, C99-5238RJB. The doctrine of *res judicata* includes two types of preclusion, claim preclusion and issue preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988). Issue preclusion is "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Arizona v. California, 530 U.S. 392 (2000). Issue preclusion is intended to limit the number of times a defendant may be forced to litigate the same claim or issue, and to promote efficiency in the judicial system by

putting an end to litigation. <u>Peck v. Commissioner of Internal Revenue</u>, 904 F.2d 525 (9th Cir. 1990).

   Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" <u>Robi</u>, 838 F.2d *at 321; see also* <u>In re Schimmels,</u> 127 F.3d 875, 881 (9th Cir. 1997).  As there is nothing before the court to indicate plaintiff was a party to the <u>Ross</u> or <u>Savala</u> case.  Claim preclusion is inappropriate to this proceeding.

   Applying issue preclusion in this case means the plaintiff will have to pursue this claim in state court, and receive relief in that forum or through habeas corpus before bringing a civil rights action for damages.

   This conclusion follows the precedent set forth in <u>Heck</u> and recognizes the effect of Judge Bryan's ruling in <u>Ross</u>.  In addition, it returns an issue of state law, ie. when must an SVP evaluation take place, to the state courts.  This allows state courts to define the parameters of state law and address constitutional issues as contemplated by the exhaustion requirement which is embodied in the rules relating to habeas corpus.

(<u>Gradias v. Yanisch</u>, CV 04-5493FDB, Dkt. # 32, pages 1 to 3, footnote omitted).

This court adopts Magistrate Judge Strombom's analysis.  This complaint should also be **DISMISSED WITHOUT PREJUDICE** prior to service.  Plaintiff must receive relief in state court or in habeas before filing this action.

## CONCLUSION

This action should be **DISMISSED WITHOUT PREJUDICE.**  A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 17th, 2006**, as noted in the caption.

DATED this 6th, day of January, 2006.

      */S/ J. Kelley Arnold*
      J. Kelley Arnold
      United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5