UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

            Plaintiff,

    v.

MARK SELING, et al.,

            Defendants.

Case No. C05-5760RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
DISMISSING CASE

       This matter comes before the Court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 11-1. The Court has considered the relevant documents, including Plaintiff's objections, and the file herein.

**I.**    <u>**FACTS**</u>

       On January 5, 2006, Plaintiff, a resident of the Special Commitment Center (SCC), filed a civil rights complaint against several defendants. Dkt. 10. Plaintiff, who is proceeding *in forma pauperis*, contends that his did not receive a sexually violent predator ("SVP") evaluation in a timely manner and challenges his civil commitment. Plaintiff seeks monetary damages.

       On January 6, 2006, U.S. Magistrate J. Kelley Arnold issued a Report and Recommendation, recommending that the action be dismissed because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 11-1.

       On January 12, 2006, Plaintiff filed Objections to the Report and Recommendation, contending that he has stated a claim against his defense attorneys, in essence, because his counsel was constitutionally ineffective. Dkt. 13.

ORDER
Page - 1

## II. DISCUSSION

### A. Legality of Confinement and Right to an Evaluation

Plaintiff contends that, as a result of the actions of the Defendants, he is being unlawfully detained under RCW 71.09, in violation of his constitutional rights.

A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless an inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Wilkinson v. Dotson*, 125 S.Ct. 1242, 1248 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *Emphasis in the original*. *Heck v. Humphrey* applies to persons detained as sexually violent predators who have access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005). Before a petition for writ of habeas corpus may be brought in federal court, state remedies must be exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982).

Plaintiff's claims alleging that his confinement as a sexually violent predator is illegal due to the conduct of the Defendants are challenges to the fact or duration of his confinement. He has not demonstrated that his detention has been invalidated; in fact, Plaintiff is currently detained at the SCC, allegedly as a result of the criminal and civil commitment proceedings he contends were unlawful. Plaintiff's claims for injunctive relief and damages should be dismissed as barred by *Heck v. Humphrey*.

### B. Claims Against Defense Counsel

Plaintiff contends that his defense attorneys were ineffective, they committed malpractice, and acted as state actors. Dkt.10, at 28. Defense counsel does not act under color of state law for purposes of actions brought under the Civil Rights Act. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Allegations that a private attorney conspired with state officials may be sufficient to meet the state action requirement of Section 1983. *See Tower v. Glover*, 467 U.S. 914 (1984). However, conspiracy requires proof of an agreement to accomplish an illegal objective and the requisite intent to commit the underlying offense. *U.S. v. Mesa-Farias*, 53 F.3d 258, 260 (9th Cir. 1995). Plaintiff has not alleged sufficient facts to establish that his defense counsel conspired to violate his rights. Moreover, to the extent that Plaintiff is challenging

the effectiveness of counsel in his civil commitment proceedings, that claim would also be barred by *Heck v. Humphrey, supra.*

In addition to the foregoing reasons, neither the Complaint (Dkt.10) nor the proposed Amended Complaint (Dkt. 14) complies with Fed. R. Civ. P. 8(a) which requires a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." It is difficult to discern what claims are being made and which claims apply against which parties. Furthermore, although not grounds for dismissal, it is not clear that all the named Defendants are properly joined parties pursuant to the Federal Rules, as the relief asserted may not "arise out of the same transaction, occurrence, or series of transactions or occurrences" and may not contain "any question of law or fact common to all these persons." Fed. R. Civ. P. 18-21.

Therefore, it is hereby,

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 11-1), is **ADOPTED**. The case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff to bring these claims in a subsequent civil action upon a sufficient showing that his confinement or detention has been invalidated.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of March, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge